VICTORIA SMEDLEY, as Mother and Guardian of JESSICA SMEDLEY-McCLAY, an Infant, Appellant, v DARREL ELLINWOOD, Respondent, et al., Defendant. [799 NYS2d 682]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered August 19, 2004 in Ulster County, which granted defendant Darrel Ellinwood's motion for summary judgment dismissing the complaint against him.

In December 2002, plaintiff's daughter suffered personal injuries when she was bitten by a pit bull owned by defendant Norleen Lamberty. Defendant Darrel Ellinwood is the owner and landlord of the premises where Lamberty resided at the time. Following the incident, plaintiff commenced this action alleging, inter alia, that Lamberty and Ellinwood had either actual or constructive notice of the dog's vicious propensities. Ellinwood successfully moved for summary judgment, prompting this appeal.

A landlord may be liable for the attack by a dog kept by a tenant if the landlord has actual or constructive knowledge of the animal's vicious propensities and maintains sufficient control over the premises to require the animal to be removed or confined (see Strunk v Zoltanski, 62 NY2d 572, 575 [1984]; Mulhern v Chai Mgt., 309 AD2d 995, 996 [2003], lv denied 1 NY3d 508 [2004]). In support of his motion for summary judgment, Ellinwood submitted proof establishing, inter alia, that he rarely came to the residence, did not know that this particular dog was present at the premises and, additionally, had no knowledge of this dog's vicious propensities. Lamberty's deposition corroborated Ellinwood's statements. In response, plaintiff maintains that Ellinwood should have had notice of the dog's propensities inasmuch as Lamberty's neighbors had such knowledge. Furthermore, plaintiff asserts that the fact that Lamberty placed a "Beware of Dog" sign in her window should have been sufficient to constitute constructive notice to Ellinwood.

The fact that others may have been on notice of the dog's allegedly vicious nature does not establish that Ellinwood, who, at most, visited the premises once a year and received no complaints from the neighbors, was similarly on notice (cf. Woodman v Rosier, 1 AD3d 1033, 1034 [2003]; Brundrige v

*Howes*, 259 AD2d 895, 896 [1999]; *Dixon v Frazini*, 188 AD2d 1054 [1992]). Additionally, the presence of a "Beware of Dog" sign, standing alone, is insufficient to impute notice of a dog's viciousness (*see Shaw v Burgess*, 303 AD2d 857, 858-859 [2003]; *Shannon v Schultz*, 259 AD2d 937, 938 [1999], *lv denied* 93 NY2d 816 [1999]). Given the absence in this record of actual or constructive notice, any issue as to the scope of Ellinwood's control over the premises is academic. Accordingly, Supreme Court properly granted Ellinwood's motion for summary judgment dismissing the complaint against him.

Crew III, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.