■ THERESA EARL et al., Individually and as Parents and Guardians of JAMES EARL, an Infant, Appellants, v SUSAN PIOWATY, Respondent, et al., Defendant. [839 NYS2d 861]—

Mercure, J.P. Appeal from an order of the Supreme Court (Bradley, J.), entered October 3, 2006 in Ulster County, which denied plaintiffs' motion for partial summary judgment on the issue of defendant Susan Piowaty's liability.

Plaintiffs' son was seriously injured when he was bitten in the face by a dog that belonged to defendant Susan Piowaty (hereinafter defendant). Plaintiffs' son claimed that he was speaking gently to the dog and calmly petting it when the dog suddenly jumped up and attacked him; defendant's sons assert

that the incident occurred after plaintiffs' son startled the sleeping dog by shouting directly in the dog's face after winning a video game that the boys had been playing. Plaintiffs commenced this action individually and on their son's behalf against defendant and Rondout Valley Animals for Adoptions, Inc., the animal shelter from which defendant purchased the dog. As relevant here, plaintiffs alleged that defendant had either actual or constructive notice of the dog's vicious propensities. Supreme Court denied plaintiffs' subsequent motion for partial summary judgment on the issue of defendant's liability, prompting this appeal.

We affirm. It is well settled that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]). This knowledge may be established by, among other things, proof of "prior acts of a similar kind of which the owner had notice" (*Collier v Zambito, supra* at 446). Evidence of "normal canine behavior" is insufficient, however, and proof of "rambunctious behavior [will] show awareness of a vicious propensity only if it [is] the very behavior that resulted in plaintiff's injury" (*Campo v Holland*, 32 AD3d 630, 631 [2006] [internal quotation marks and citation omitted]; *see Collier v Zambito, supra* at 447; *Brooks v Parshall*, 25 AD3d 853, 854 [2006]).

In connection with their summary judgment motion here, plaintiffs relied upon defendant's deposition testimony stating that she had acquired the dog about two weeks prior to the incident and admitting that approximately one week later, the dog nipped Richard Kollath when he attempted to pet it. Defendant countered with an affidavit from Kollath, as well as her own affidavit and deposition testimony, explaining that the prior nip occurred after the dog had just recovered a frisbee and was trying to prevent Kollath from taking it. Kollath described the nip as "so minor that it did not break the skin or hurt me," and stated that "[t]he dog did not show any aggressive behavior before or afterwards." Accordingly, even assuming that plaintiffs met their initial burden—a point which defendant does not dispute—the evidence submitted by defendant was sufficient to raise a triable issue of fact regarding the dog's vicious propensities and defendant's lack of notice of those propensities (*see Coole-Mayhew v Timm*, 18 AD3d 948, 949-950 [2005]; *see also Fontanas v Wilson*, 300 AD2d 808, 809 [2002]; *Rogers v Travis*, 229 AD2d 879, 880 [1996]; *Tessiero v Conrad*, 186 AD2d 330, 330 [1992]).

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.