LISA EIBL, as Parent and Natural Guardian of TRAIVIN EIBL, an Infant, Respondent, v STEVEN SNYDER et al., Appellants, et al., Defendant. [902 NYS2d 872]—

Appeal from an order of the Supreme Court, Orleans County (Tracey A. Bannister, J.), entered April 21, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants Steven Snyder and Barbara Castricone for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint against defendants Steven Snyder and Barbara Castricone is dismissed.

Memorandum: Plaintiff commenced this action seeking dam-

ages for injuries sustained by her son when he was bitten by a dog in an apartment owned by Steven Snyder and Barbara Castricone (collectively, defendants). Supreme Court granted that part of the motion of defendants for summary judgment "with respect to the allegation that [they] had actual notice of the vicious propensities of the [dog in question]" and denied that part of the motion seeking summary judgment "to the extent that [they] had constructive notice of the vicious propensities of [that dog]." We agree with defendants that the court should have granted the motion in its entirety. We therefore reverse the order insofar as appealed from, grant the motion in its entirety and dismiss the complaint against defendants.

In support of their motion, defendants established that they had no actual or constructive notice that the dog in question had vicious propensities (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787 [2008]), and plaintiff failed to raise a triable issue of fact in opposition (*see Yeostros v Jackson*, 258 AD2d 886 [1999]). "The fact that others may have been on notice of the dog's allegedly vicious [propensities] does not establish that" defendants, who were not aware of the presence of the dog in the apartment and had received no complaints with respect to the dog, were also on notice (*Smedley v Ellinwood*, 21 AD3d 676, 676 [2005]). Finally, even assuming, arguendo, that plaintiff raised a triable issue of fact whether defendants had constructive knowledge that the dog was in the apartment, we conclude that "[k]nowledge of the existence of the dog, in and of itself, 'does not support the inference that [defendants] knew of its vicious propensities' " (*LePore v DiCarlo*, 272 AD2d 878, 879 [2000], *lv denied* 95 NY2d 761 [2000]). Present—Smith, J.P., Fahey, Carni and Green, JJ.