OPINION OF THE COURT
Philip S. Straniere, J.
*320 Defendants, The Oaks at Latourette Condo, 1, 2, 3, 4 and Saparn Realty Inc., move for an order granting them summary judgment and dismissing the action. The motion is denied.
Plaintiff, Leticia Pargament, commenced this action for the injuries she sustained as the result of being bitten by a dog owned by defendant Linda Hines on October 23, 2005. Hines resided, at the time of the alleged incident, in a condominium located in The Oaks at Latourette Condo, 1, 2, 3, 4 (Oaks). Plaintiff alleges that defendants were negligent in the ownership, operation, management, supervision, use and control of the animal (verified complaint, defendants’ exhibit A). Defendants Oaks and Saparn Realty Inc. timely interposed their verified answer (defendants’ exhibit B). Hines has not appeared in this action.
Defendants’ counsel contends that liability for a dog bite is predicated on ownership and control. Since his clients did not own the animal or the premises where it was harbored, they are not liable for any injury that the plaintiff may have sustained (affirmation in support of Anthony Marino, Esq., dated June 11, 2010, 1Í1Í 5-6). The basis for defense counsel’s allegations is the statements made by plaintiff during her examination before trial (EBT) (examination before trial of Leticia Pargament, Mar. 24, 2010, defendant’s exhibit D). The defendants’ moving papers do not include any sworn statement from the defendants.
Plaintiff submits only the affirmation of her counsel in opposition to this motion. Plaintiffs counsel maintains that this application must be denied because the defendants have not provided the court with evidence in admissible form. The defendants’ attorney’s affirmation was made without the requisite personal knowledge of the ownership of the dog or the corporate and agency status of the defendants. Therefore, the Marino affirmation lacks any probative value (affirmation in opposition of Glen Devora, Esq., dated July 26, 2010, If 5).
CPLR 3212 (b) provides that a motion for summary judgment can be supported by other available proof, such as a deposition transcript (Dorsainvil v Parker, 28 Misc 3d 1225[A], 2010 NY Slip Op 51493[U] [Sup Ct, Kings County 2010]). A deposition transcript which has not been executed by the deponent can be used in support of a motion for summary judgment if it has been properly prepared and has been submitted to the witness (Thomas v Hampton Express, 208 AD2d 824 [2d Dept 1994], lv denied 85 NY2d 803 [1995]).
The defendants submitted a copy of their correspondence, dated April 8, 2010, which indicates that copies of the EBT *321 transcript were forwarded to plaintiff’s counsel. Plaintiff’s counsel did not disavow receiving the transcripts. In the absence of any indication that plaintiff did not have the requisite time to correct her testimony under oath, the defendants may use the deposition transcript in support of their motion for summary judgment.
During her deposition, Pargament stated that prior to the injury she allegedly sustained on October 23, 2005 she reported a previous time the dog attacked her to the president of the condominium (examination before trial transcript of Leticia Pargament, dated Mar. 24, 2010, at 23, lines 11-25; at 24, lines 1-3). Pargament also testified that she had an additional conversation with the condominium president after she was allegedly bitten by Hines’s dog. During that conversation, he informed her that there had been a prior incident concerning the dog owned by Hines (Pargament transcript at 42, lines 18-25; at 43, 44, lines 1-6).
The court was only able to locate one case which addressed the liability of a condominium association for injuries arising from the acts of a domestic animal owned by one of its residents, Joyce v McGinley (NYLJ, Oct. 16, 2000, at 36, col 3 [Sup Ct, Putnam County]). In that action, the plaintiff alleged that she was walking her dog in the common area at or near her residence. A cat startled her dog when it jumped off a stone wall over the dog. This caused her dog to run uncontrollably and drag her for 40 to 50 feet.
The plaintiff commenced an action against defendants Hugh McGinley and Barbara McGinley, who resided in a unit adjacent to hers, on the ground that they either owned or controlled the cat. She also sued Kings Grant Condominium Association (Kings Grant) in its capacity as the property manager and owner of the condominium complex. The basis of its liability for her injuries was that it breached its duty to her when it failed to enforce a policy that all domestic animals, including cats, were permitted in the common areas only when they were leashed.
Kings Grant did establish that it enforced its leash bylaw by sending warning letters or fining offenders. In granting both defendants’ motions for summary judgment and dismissing plaintiffs complaint, the court concluded that the plaintiff failed to establish that the issuance of a warning letter or fine would have prevented the accident from occurring and there was no evidence that the McGinleys were aware of vicious propensities of any of their cats.
*322 In Michigan, an appellate court found that a condominium association could not be held liable for the injuries sustained when the minor plaintiff was bitten by a dog owned by the occupants of one of its units. (Shaw v Wilson, 2002 WL 737795 [Mich Ct App 2002].) That court ruled that the failure of the association to enforce its rules and regulations concerning the presence of pets on its property would impose liability caused by an animal, if the association had knowledge of the animal’s vicious propensities. Since the plaintiff was unable to create an issue of fact regarding whether any of the defendants knew of the dog’s vicious propensities, the court awarded the defendants summary judgment. In this case, there is an allegation that the defendants knew of the dog’s vicious propensities and failed to act.
The structure of a condominium rests upon the multiple ownership of real property. While the condominium does not own the individual units, it is responsible for the enforcement of the bylaws and rules of the condominium. This control extends to the activities conducted by the residents within both their unit and the common areas of the premises. In this respect, the condominium board acts in a fashion similar to that of a landlord when it exercises control over the acts of those individuals residing in their units.
In Eibl v Snyder (74 AD3d 1822 [4th Dept 2010]), the plaintiff sued the landlord for personal injuries after her son was bitten by a dog in an individual apartment. The court granted defendants’ motion for summary judgment and dismissed plaintiff’s complaint finding that the defendants established that they had neither actual nor constructive knowledge of the animal’s vicious propensities and the plaintiff failed to raise a triable issue of fact in opposition to the motion. The court further concluded that knowledge of the dog, in itself, does not support the inference that defendants knew of any vicious propensities.
Since the court finds the relationship between a condominium association and the residents of the units to be analogous in this respect to one between a landlord and an occupant of its property, the court concludes that the above standard requiring knowledge of a dog’s vicious propensities should be utilized in the determination of this motion.
Plaintiff maintained, at her deposition, that she had notified Oaks’s president that she had been attacked by Hines’s dog, and that he had told her that he was aware of a prior occasion of the dog attacking someone else in the condominium develop *323 ment. These allegations raise the factual issue of whether defendant Oaks was aware of the vicious propensities of the animal owned by Hines. In light of Pargament’s testimony, which was submitted by defendants in support of their own motion, the court may not grant the motion for summary judgment. The defendants have not made a prima facie showing of entitlement to judgment as a matter of law by offering evidence to demonstrate the absence of any material issue of fact (Dempster v Overview Equities, 4 AD3d 495 [2d Dept 2004]).
Accordingly, the defendants’ motion for summary judgment is denied in its entirety.