■ CRYSTAL CRAFT, Individually and as Parent and Guardian of DESTINY SCYMANSKI, an Infant, Respondent, v ROBERT WHITTMARSH, Defendant, and THOMAS HARRIS, Appellant. [920 NYS2d 821]—

Stein, J. Appeal from an order of the Supreme Court (Tait, J.), entered March 31, 2010 in Tioga County, which denied defendant Thomas Harris' motion for summary judgment dismissing the complaint against him.

On January 30, 2005, plaintiff, together with her infant daughter (hereinafter the victim), the victim's infant brother and the victim's father, Bradley Scymanski II, were visiting the home of defendant Robert Whittmarsh when Whittmarsh's dog bit the victim. Defendant Thomas Harris (hereinafter defendant), who is Whittmarsh's uncle, owned the property where the incident occurred. Plaintiff commenced this negligence action to recover damages resulting from injuries sustained by the victim as a result of the dog bite. After issue was joined,[1] defendant moved for summary judgment dismissing the complaint against him, contending, among other things, that he had no notice of the dog's vicious propensities. Supreme Court found that the record presented a triable issue of fact and denied defendant's motion, prompting this appeal.

We reverse. "A landlord may be liable for the attack by a dog kept by a tenant if the landlord has actual or constructive knowledge of the animal's vicious propensities and maintains sufficient control over the premises to require the animal to be removed or confined" (*Smedley v Ellinwood*, 21 AD3d 676, 676 [2005] [citation omitted]; *see Strunk v Zoltanski*, 62 NY2d 572, 575 [1984]). Here, defendant has limited his arguments on appeal to the issue of whether he knew or should have known that

---

1. Whittmarsh apparently failed to answer the complaint and is in default.

Whittmarsh's dog had vicious propensities. In support of his motion, defendant submitted the transcripts of depositions taken of himself, plaintiff, Scymanski, Kenneth Craft, Whittmarsh and defendant's brother and housemate, John Harris (hereinafter Harris). Defendant testified that he had no prior knowledge of any aggressive behavior exhibited by Whittmarsh's dog. Scymanski and plaintiff both testified that the dog had previously acted aggressively toward their infant son at Whittmarsh's home in December 2004. Craft, who is plaintiff's brother and resided at the property at that time, testified that, although he did not observe the dog's interaction with the child, he observed Whittmarsh restraining the dog immediately after he heard a "yip" or bark and that neither defendant nor Harris was present that day. On the other hand, Whittmarsh denied that the December 2004 incident occurred, that he had ever witnessed the dog act aggressively prior to the dog bite incident or that he ever told defendant anything about the dog acting aggressively. Harris also testified that he was unaware of the alleged December 2004 incident and that, to his knowledge, defendant had never been told by anyone that the dog had acted aggressively at any time before the victim was bitten in January 2005.

As a whole, the testimony submitted by defendant established that he was not present at the property at the time of the alleged December 2004 incident or at any time that the dog was present on the premises (*compare Loper v Dennie*, 24 AD3d 1131, 1133 [2005]). The admissible evidence also demonstrated that defendant was never informed about the alleged December 2004 incident. This was sufficient to satisfy defendant's threshold burden of demonstrating that he had no actual or constructive knowledge of the dog's vicious propensities, thereby shifting the burden to plaintiff to come forward with evidence in admissible form demonstrating a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326-327 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sarno v Kelly*, 78 AD3d 1157, 1157-1158 [2010]; *Benaquista v Burke*, 74 AD3d 1514, 1515-1516 [2010]; *Miletich v Kopp*, 70 AD3d 1095, 1095-1096 [2010]). In our view, plaintiff failed to do so.

In opposition to defendant's motion, plaintiff argued that, based upon the evidence submitted, the totality of the circumstances were sufficient to raise a triable issue of fact as to whether defendant knew, or should have known, about the dog's vicious propensities. While plaintiff correctly points out that the record demonstrates the existence of a question of fact as to whether defendant was aware of the presence of the dog, such

awareness will not support the inference that defendant knew it had vicious propensities (*see Eibl v Snyder*, 74 AD3d 1822, 1823 [2010]; *LePore v DiCarlo*, 272 AD2d 878, 879 [2000], *lv denied* 95 NY2d 761 [2000]). Similarly, an inference that defendant had knowledge of the alleged December 2004 incident merely because there was evidence that some of his relatives (including Harris) knew of that incident would be purely speculative (*see Eibl v Snyder*, 74 AD3d at 1823; *Smedley v Ellinwood*, 21 AD3d at 676).

Plaintiff also submitted an unsworn statement, allegedly signed by Whittmarsh in June 2007, which indicated, among other things, that defendant "knew that [he] had the dog and wanted [him] to get rid of [it]."[2] An unsworn statement—purportedly signed in July 2005 by Craft, Charles Hooker and Whittmarsh—was also submitted which indicated, among other things, that defendant was aware of the dog's presence. In addition, plaintiff pointed to the testimony of Craft who stated, based on hearsay, that Harris told defendant about the December 2004 incident before the victim was bitten in January 2005. Finally, plaintiff provided an uncertified, unauthenticated January 13, 2005 notice from the Tioga County Department of Health citing a Robert Whittmarsh for an incident involving an unidentified dog and a third party.[3] Hearsay evidence that is inadmissible at trial is insufficient to defeat a motion for summary judgment, unless accompanied by some additional competent evidence "or an excuse for the failure to present proof in admissible form" (*Saint James' Episcopal Church v F.O.C.U.S. Found.*, 47 AD3d 1058, 1059 [2008]), neither of which has been proffered here. Thus, inasmuch as the documents and testimony presented here do not contain sufficient indicia of reliability to justify their admission into evidence under the exception to the hearsay rule (*compare Kaufman v Quickway, Inc.*, 14 NY3d 907, 909 [2010]), they are insufficient to meet plaintiff's shifted burden of raising a triable issue of fact. Accordingly, defendant's motion for summary judgment should have been granted.

Spain, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Thomas Harris and complaint dismissed against him.

---

**2.** In his deposition testimony, Whittmarsh acknowledged that his signature appeared on the statement, but did not recall signing it and disavowed the statements set forth therein.

**3.** Aside from the fact that this document was not in admissible form, plaintiff offers no explanation as to how it constructively notified defendant of the vicious propensities of the dog involved herein.