▉ Yimi Desay, an Infant, by Her Mother and Legal Guardian, Sara Yard, et al., Appellants, v COPO Management, LLC, et al., Respondents, et al., Defendant. [963 NYS2d 79]—

Order, Supreme Court, Bronx County (Larry S. Schachner,

J.), entered January 25, 2012, which granted the motions of defendants COPO Management LLC (COPO), the City of New York and the New York City Department of Education (collectively City) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff Yimi Desay was allegedly bitten by a pit bull that entered a public park, owned and operated by the City, through a hole in the fence between the park and the adjacent premises, which is owned by COPO. The dog belonged to a tenant in COPO's premises.

COPO established its entitlement to judgment as a matter of law by presenting the testimony of its sole member who stated that he had no knowledge of the dog's existence, let alone its vicious propensities, until after it bit Desay (see Strunk v Zoltanski, 62 NY2d 572, 575 [1984]; Smedley v Ellinwood, 21 AD3d 676 [3d Dept 2005]). Even if COPO could be deemed to have constructive knowledge of the dog's existence by virtue of its regular inspections of the premises, such knowledge is insufficient to impute knowledge of vicious propensities (see Balla v Jones, 305 AD2d 1103 [4th Dept 2003]). Moreover, it is undisputed that the bite did not occur on COPO's premises (see Walker v Gold, 70 AD3d 1349 [4th Dept 2010], lv denied 14 NY3d 712 [2010]).

Plaintiffs argument that COPO was vicariously liable based upon the theory that the dog's owner, COPO's tenant, was COPO's agent, is unavailing, since it was advanced for the first time in opposition to COPO's motion (see Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]), and is based upon a mischaracterization of the testimony.

Dismissal of the complaint as against the City was also proper. Even assuming that the City knew or should have known that a vicious dog was present at the adjacent premises, it was not foreseeable that because a hole in the fence existed, a vicious animal would enter the playground through the hole and attack a person on the premises (see Di Ponzio v Riordan, 89 NY2d 578, 585 [1997]; Lee v New York City Hous. Auth., 25 AD3d 214, 217 [1st Dept 2005], lv denied 6 NY3d 708 [2006]). Here, the dog owner's failure to adequately restrain the dog proximately caused Desay's injuries, and was a superceding or intervening occurrence that broke any causal nexus between the hole in the fence and Desay's injuries (see e.g. Campbell v Central N.Y. Regional Transp. Auth., 7 NY3d 819, 820-821 [2006]; Maheshwari v City of New York, 2 NY3d 288, 295 [2004]). Concur— Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.