## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: October 23, 2014        517817
_____

MONICA CLARK,
              Appellant,

     v                         MEMORANDUM AND ORDER

DANIEL HEAPS,
              Respondent.
_____

Calendar Date: September 11, 2014

Before: Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____

Mainetti, Mainetti & O'Connor, PC, Kingston (Michael A. Mainetti of counsel), for appellant.

Law Office of Karen L. Lawrence, Dewitt (Theresa M. Zehe of counsel), for respondent.

_____

Garry, J.

Appeal from an order of the Supreme Court (Becker, J.), entered July 8, 2013 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendant's housekeeper to clean defendant's house and care for his animals — including a pit bull named Heidi and two other dogs — when the housekeeper was unavailable to do so. While working at defendant's home in October 2011, plaintiff took the dogs outside to play and sat on a hammock in the yard. Heidi jumped onto the hammock and almost immediately jumped off it again, kicking the hammock out from under plaintiff, who fell to the ground and sustained shoulder injuries. Plaintiff commenced this action against defendant alleging causes of action in negligence and strict liability.

Following joinder of issue and discovery, defendant moved for summary judgment. Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

There is no cause of action in negligence as against the owner of a dog who causes injury, but one may assert a claim in strict liability against a dog owner for harm caused by the dog's vicious propensities when the owner knew or should have known of those propensities (see Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Collier v Zambito, 1 NY3d 444, 446-447 [2004]; Filer v Adams, 106 AD3d 1417, 1419 [2013]; compare Hastings v Sauve, 21 NY3d 122, 125-126 [2013]). A vicious propensity in this context need not involve any ferocious or aggressive behavior, but has instead been defined as "a proclivity to act in a way that puts others at risk of harm, so long as such proclivity results in the injury giving rise to the lawsuit" (Bloom v Van Lenten, 106 AD3d 1319, 1320 [2013] [internal quotation marks and citations omitted]; see Collier v Zambito, 1 NY3d at 447; Hamlin v Sullivan, 93 AD3d 1013, 1013-1014 [2012]). However, "normal canine behavior" does not establish vicious propensities, and "rambunctious behavior will show awareness of a vicious propensity only if it is the very behavior that resulted in [a] plaintiff's injury" (Earl v Piowaty, 42 AD3d 865, 866 [2007] [internal quotation marks, brackets and citations omitted]; accord Campo v Holland, 32 AD3d 630, 631 [2006]).

Here, plaintiff testified that she had worked at defendant's home on several occasions before the day of the accident, and that neither she nor the housekeeper had ever had a problem with Heidi or defendant's other dogs. This was the first time Heidi had ever jumped into the hammock in plaintiff's presence, although she later learned that Heidi liked to do so. Defendant testified that he had never known Heidi to be aggressive toward a person, but that she had previously jumped into the hammock when he was in it because "[s]he like[d] to be with people," and that the housekeeper had also told him that Heidi had done so when they were "having fun in the hammock." Although the dog had previously jumped out of the hammock while defendant was in it, this act had never before caused defendant, or any other person, to fall from the hammock. This testimony was sufficient to meet defendant's prima facie burden upon his

summary judgment motion, establishing that he did not know that Heidi had a vicious propensity that resulted in plaintiff's injury, thus shifting the burden to plaintiff to establish the existence of a triable issue of fact (see Buicko v Neto, 112 AD3d 1046, 1047 [2013]; Alia v Fiorina, 39 AD3d 1068, 1069 [2007]).

Viewing the evidence in the light most favorable to plaintiff (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), she did not satisfy this burden. Plaintiff relied upon defendant's testimony that his dogs, including Heidi, had once been involved in an attack on another dog on his property, and that he had been injured in the course of breaking up this fight. However, this evidence is not relevant to the conduct at issue here, and does not reveal a proclivity to behave in the manner causing the injury – that is, knocking a person out of a hammock (see Smith v Reilly, 17 NY3d 895, 896 [2011]; Hamlin v Sullivan, 93 AD3d at 1015; Alia v Fiorina, 39 AD3d at 1069-1070). As plaintiff produced no other evidence that defendant had any knowledge of the alleged vicious propensities that caused her injury, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Peters, P.J., Lahtinen, Stein and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court