*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    520238
_____

DARIUS RODGERS, an Infant, by
    JENNIFER McCOY, His Mother
    and Guardian, et al.,
                    Respondents,
        v                                    MEMORANDUM AND ORDER

HORIZONS AT MONTICELLO, LLP,
                    Appellant.

(And a Third-Party Action.)
_____


Calendar Date:  May 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Devine, JJ.

_____


        Ahmuty, Demers & McManus, Hopewell Junction (Lisa L.
Gokhulsingh of Gannon, Rosenfarb & Drossman, New York City, of
counsel), for appellant.

        The Finkelstein Law Firm, Goshen (Steven A. Kimmel,
Washingtonville, of counsel), for respondents.

_____


Devine, J.

        Appeal from an order of the Supreme Court (Meddaugh, J.),
entered September 22, 2014 in Sullivan County, which, among other
things, denied defendant's motion for summary judgment dismissing
the complaint.

        On October 31, 2012, plaintiff Darius Rodgers (hereinafter
plaintiff) was attending a Halloween party at an apartment
complex owned by defendant.  Lisa Martin and Leon Martin were the
parents of one of plaintiff's friends, and the Martins lived at

the complex with their pit bull.  Plaintiff was attacked and bitten by the dog when he stopped by the Martins' apartment. Plaintiff and his mother, plaintiff Jennifer McCoy, commenced this negligence action to recover damages stemming from the attack.  Defendant, in turn, commenced a third-party action against the Martins for contribution.  Following service of its answer and discovery, defendant moved for summary judgment dismissing the complaint.  Supreme Court, among other things, found that questions of fact precluded a grant of summary judgment to defendant.  Defendant now appeals.

We affirm.  "A landlord may be liable for the attack by a dog kept by a tenant if the landlord has actual or constructive knowledge of the animal's vicious propensities and maintains sufficient control over the premises to require the animal to be removed or confined" (Smedley v Ellinwood, 21 AD3d 676, 676 [2005] [citation omitted]; accord Craft v Whittmarsh, 83 AD3d 1271, 1271 [2011]; see Strunk v Zoltanski, 62 NY2d 572, 575 [1984]).  Defendant was empowered to require the Martins to remove the animal and, indeed, its site manager testified that he took steps to do so once he learned of the dog's existence in September 2012.  The site manager also testified that he was unaware of any complaints regarding the dog, and that he only endeavored to have it removed because tenants were not allowed to own large dogs such as pit bulls.  McCoy herself gave deposition testimony in which she acknowledged that she did not know of any prior incidents where the dog had attempted to bite someone.  The foregoing proof was "sufficient to satisfy defendant's threshold burden of demonstrating that [it] had no actual or constructive knowledge of the dog's vicious propensities, thereby shifting the burden to plaintiff[s] to come forward with evidence in admissible form demonstrating a triable issue of fact" (Craft v Whittmarsh, 83 AD3d at 1272; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Plaintiffs responded with evidence that included affidavits by plaintiff and two residents of the complex who were familiar with the behavior of the pit bull.  Plaintiff averred that he had previously watched the Martins' eldest son walk the dog, who permitted the dog to chase children and growl, bark and jump against its leash at them.  One of the neighbors observed similar

behavior when Lisa Martin was walking the dog, and pointed out that Martin kept the dog muzzled during walks. Indeed, the same neighbor was attacked by the dog in the summer of 2012, and only escaped injuries because the dog was muzzled. Both neighbors also stated that the Martins would often tie the dog up near the entrance to their apartment, where it would growl, bark and lunge at individuals who walked by. The neighbors further contradicted the claim of the site manager that he had no awareness of the animal's vicious propensities, stating that they had repeatedly complained to him about the problem.[1] Given this proof, we agree with Supreme Court that plaintiffs raised "triable issues of fact regarding [the dog's] vicious propensities and defendant['s] notice of same" (Coole-Mayhew v Timm, 18 AD3d 948, 949-950 [2005]; see Seybolt v Wheeler, 42 AD3d 643, 645 [2007]).

Defendant further asserts that, if it had actual or constructive notice of the dog's vicious propensities, it did not have a reasonable time in which to correct the problem before the attack at issue. Plaintiffs submitted evidence suggesting that defendant became aware of the dog over a year before the attack occurred but, even assuming without deciding that such evidence could not be considered, the site manager admitted that he was aware of the dog two months before the attack. That awareness prompted the site manager to notify the Martins that they must rid themselves of the dog, as well as to refer the matter to counsel so that eviction proceedings could be commenced. He acknowledged that counsel worked "very slowly" on eviction matters, however, and that counsel's lethargic approach ultimately required defendant to retain new counsel. The site manager also easily could have, but did not, contact the Martins and encourage them to take "reasonable precautions for the protection of third persons, . . . with respect to confinement or control of the dog" (Strunk v Zoltanski, 62 NY2d at 577). Thus,

---

[1] Defendant points out that McCoy had spoken to the two neighbors and, during her deposition testimony, stated that neither had told her about their prior complaints. It suffices to say that there is nothing inherently unbelievable in the proposition that the neighbors had previously complained about the dog but failed to tell McCoy that they had done so.

assuming that defendant had actual or constructive notice of the dog's vicious propensities, questions of fact exist as to whether it had notice of the problem "for such a period of time that, in the exercise of reasonable care, it should have been corrected" (Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 646 [1996]).

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court