M.B. v Hanson (2019 NY Slip Op 00106)





M.B. v Hanson


2019 NY Slip Op 00106


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-09428
2016-09796
 (Index No. 100579/13)

[*1]M.B., etc., et al., appellants, 
v
Laura Hanson, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Koster, Brady & Nagler, LLP, New York, NY (Kenneth T. Bierman and Kara Suddock of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Philip S. Straniere, J.), dated June 8, 2016, and (2) a judgment of the same court dated August 12, 2016. The order denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability in favor of the defendant. The judgment, upon the jury verdict and the order, is in favor of the defendant and against the plaintiffs, in effect, dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed, with costs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs commenced this action to recover damages for personal injuries sustained by the infant plaintiff when he was bitten on the face by the defendant's dog. The defendant is the grandmother of the infant plaintiff. The dog was a gift to the defendant from the parents and aunt of the infant plaintiff. The infant plaintiff and his parents had resided in the downstairs portion of the defendant's two-family house for several years, during which time the dog resided with the defendant. Prior to the incident, the infant plaintiff and his parents had moved to their own residence.
In February 2013, the infant plaintiff had an extended stay at the defendant's residence. The incident occurred when the infant plaintiff descended from a kitchen stool with a pancake in his hand. The dog jumped for the pancake, but instead bit the infant plaintiff in the face.
Following a trial on the issue of liability, the jury returned a verdict finding that the dog did not have any prior violent propensities. The plaintiffs moved pursuant to CPLR 4404(a) to [*2]set aside the jury verdict as contrary to the weight of the evidence. The Supreme Court denied the motion, and thereafter entered judgment against the plaintiffs. The plaintiffs appeal.
Pursuant to CPLR 4404(a), a court may set aside a jury verdict as contrary to the weight of the evidence. A verdict is contrary to the weight of the evidence when " the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence'" (Nolan v Union Coll. Trust of Schenectady, N.Y., 51 AD3d 1253, 1255, quoting Biello v Albany Mem. Hosp., 49 AD3d 1036, 1037; see Alli v Lucas, 72 AD3d 994, 995). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Nicastro v Park, 113 AD2d 129, 133; see Cohen v Hallmark Cards, 45 NY2d 493, 498-499). The discretionary power to set aside a jury verdict must be exercised with considerable caution, "for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d at 133). Additionally, in making this determination courts should keep in mind that "[i]t is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (Palermo v Original California Taqueria, Inc., 72 AD3d 917, 918).
To recover in strict liability for damages caused by a dog bite, a plaintiff must prove that " the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities'" (Christian v Petco Animal Supplies Stores, Inc., 54 AD3d 707, 707-708, quoting Claps v Animal Haven, Inc., 34 AD3d 715, 716; see Bard v Jahnke, 6 NY3d 592; Collier v Zambito, 1 NY3d 444, 448). This knowledge may be established with evidence of "prior acts of a similar kind of which the owner had notice" (Collier v Zambito, 1 NY3d at 446). However, "normal canine behavior" does not establish vicious propensities, and "rambunctious behavior will show awareness of a vicious propensity only if it is the very behavior that resulted in [a] plaintiff's injury" (Clark v Heaps, 121 AD3d 1384, 1384 [internal quotation marks omitted]; see Earl v Piowaty, 42 AD3d 865, 866).
Here, the testimony at trial established that the dog became excited in the presence of food. While there was evidence that the dog would try to take food from people's hands and would jump to try to obtain food from tables and counter tops, this evidence also showed that the dog's behavior was regarded as rambunctious and annoying, rather than vicious. It was undisputed that the dog had never bitten or attacked anyone in the past, nor had he displayed any threatening, violent, or aggressive behavior toward people. The infant plaintiff's parents testified that prior to the incident, they did not fear that the infant plaintiff was in any danger when in the presence of the dog.
The evidence at trial was sufficient to permit the jury to conclude, as it did, that the defendant's dog was not vicious. Although there was also evidence presented that would tend to lead to the opposite conclusion, we must defer to the jury's assessment of the witnesses' credibility. Therefore, we agree with the Supreme Court's denial of the plaintiffs' motion to set aside the jury verdict as contrary to the weight of the evidence (see Ruffin v Wood, 95 AD3d 1290, 1291-1292; Sorel v Iacobucci, 221 AD2d 852; DeVaul v Carvigo Inc., 138 AD2d 669, 670).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court