Handel v Carey (2023 NY Slip Op 03389)

Handel v Carey

2023 NY Slip Op 03389

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535270
[*1]Carolyn T. Handel, Appellant,
v
Susan A. Carey et al., Respondents.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Greenberg & Greenberg, Hudson (Nicole P. Bini of counsel), for appellant.
Law Offices of John Trop, Tarrytown (Susan Luca Salvi of Mead, Hecht, Conklin & Gallagher, LLP, White Plains, of counsel), for Susan A. Carey and another, respondents.
Santacrose, Frary, Tomko, Diaz-Ordaz & Whiting, Buffalo (Ethan R. Crofut of counsel), for Cynthia Kane, respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (Julian D. Schreibman, J.), entered April 11, 2022 in Ulster County, which granted defendants' motions for summary judgment dismissing the complaint.
On September 7, 2019, plaintiff was renting a cabin on real property owned by defendants Susan A. Carey and Martin S. Carey (hereinafter collectively referred to as the Careys). That day, she was walking on a footpath running between her cabin and the Careys' residence when she encountered Wanda, a Labrador retriever mix dog who weighed approximately 60 pounds and was owned by the partner of the Careys' son, defendant Cynthia Kane. Wanda had been to the property at least 50 times, and was tied to a dog run in the Careys' yard. According to plaintiff, she was injured when Wanda charged at her and knocked her to the ground.
Plaintiff commenced this negligence and strict liability action against the Careys to recover for those injuries in January 2020; she then filed an amended summons and complaint in April 2020 that named Kane as an additional defendant. Following joinder of issue and discovery, Kane moved for summary judgment dismissing the complaint and the cross-claim the Careys had asserted against her, arguing that she could not be held liable because she had no prior notice of Wanda's vicious propensities. The Careys then filed their own motion for summary judgment dismissing the complaint, adopting the arguments and the proof presented by Kane as their own. Supreme Court granted both motions, and plaintiff appeals.
We affirm. Controlling precedent holds that "[t]here is no cause of action in negligence as against the owner of a dog who causes injury, but one may assert a claim in strict liability against a dog owner for harm caused by the dog's vicious propensities when the owner knew or should have known of those propensities" (Clark v Heaps, 121 AD3d 1384, 1384 [3d Dept 2014]; see Hewitt v Palmer Veterinary Clinic, PC, 35 NY3d 541, 547-548 [2020]; Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Bard v Jahnke, 6 NY3d 592, 599 [2006]). Similarly, the owner of the property where the injury occurs may be liable in negligence but, absent circumstances not at issue here, there must be proof that he or she knew or should have known of the dog's vicious propensities (see Hewitt v Palmer Veterinary Clinic, PC, 35 NY3d at 548; Strunk v Zoltanski, 62 NY2d 572, 575-576 [1984]; Rodgers v Horizons at Monticello, LLP, 130 AD3d 1285, 1286 [3d Dept 2015]; Craft v Whittmarsh, 83 AD3d 1271, 1271-1272 [3d Dept 2011]). Accordingly, upon their summary judgment motions, defendants all bore the "initial burden to demonstrate that, prior to the incident giving rise to the lawsuit, [they were] without knowledge that the animal possessed any vicious or dangerous propensities" (Olsen v Campbell, 150 AD3d 1460, 1461 [3d Dept 2017] [internal quotation marks and citation omitted]; see Price v Sarasene, 198 AD3d 1234, 1235-1236 [3d Dept 2021], lv denied 38 NY3d 903 [2022]).
Here[*2], defendants came forward with the deposition testimony of plaintiff, who described how she encountered Wanda and the dog charged at her with teeth bared and knocked her down. Plaintiff nevertheless acknowledged that she had seen Wanda at least a dozen times before the incident and, although she found the way Wanda looked at her to be threatening, she had never seen Wanda growl, jump or otherwise behave in an aggressive manner toward her or anyone else. Defendants further produced their own deposition testimony and that of the Careys' daughter, all of whom agreed that they had no prior knowledge of Wanda, who they described as "quiet," "friendly" and a "sweetheart," exhibiting aggressive behavior. They were also in agreement that they had never known Wanda to jump on a person, even to greet them, and Susan Carey, her daughter and Kane, all of whom went out to check on plaintiff after the incident, denied telling plaintiff that Wanda had done so in the past. This proof satisfied defendants' initial burden of showing that they lacked any knowledge of Wanda's vicious or dangerous propensities, shifting the burden to plaintiff to raise a question of fact on that issue (see Price v Sarasene, 198 AD3d at 1236; Hamlin v Sullivan, 93 AD3d 1013, 1013 [3d Dept 2012]).
Plaintiff attempted to do so via her own affidavit, in which she described Wanda "charging at [her], at full speed, gnarling its teeth, and jump[ing] on [her] with the full force of its body weight[,] knocking [her] to the ground." She then related how Susan Carey, Carey's daughter and sister, and Kane arrived at the scene soon after, as well as how one of the women told her that Wanda "was just being friendly and sometimes jumps on people to welcome them." As Supreme Court noted, the affidavit of plaintiff may have raised questions of fact as to whether defendants knew that Wanda might jump on people to greet them, but that sort of typical "rambunctious behavior" by a dog "would show awareness of a vicious propensity only if it were the very behavior that resulted in plaintiff's injury" (Campo v Holland, 32 AD3d 630, 631 [3d Dept 2006]; see Collier v Zambito, 1 NY3d 444, 447-448 [2004]; Clark v Heaps, 121 AD3d at 1384; Earl v Piowaty, 42 AD3d 865, 866 [3d Dept 2007]; cf. Anderson v Carduner, 279 AD2d 369, 369-370 [1st Dept 2001]). Plaintiff described an apparently aggressive Wanda charging at her with teeth bared rather than any friendly greeting, however, and she provided nothing to suggest that defendants "had notice of a proclivity by [Wanda] to run into people and knock them over" in that fashion (Hamlin v Sullivan, 93 AD3d at 1015). Thus, plaintiff having failed to raise a material question of fact as to whether defendants knew or should have known "of the alleged vicious propensities that caused her injury," Supreme Court properly granted defendants' motions for summary judgment (Clark v Heaps, 121 AD3d at 1385; see Bloom v Van Lenten, 106 AD3d 1319, 1320-1321 [3d Dept 2013]; Campo v [*3]Holland, 32 AD3d at 631).
Lynch, Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is affirmed, with costs.