## Bregman v Simon

2025 NY Slip Op 31276(U)

April 14, 2025

Supreme Court, New York County

Docket Number: Index No. 158713/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO      PART      33M

*Justice*

-----------------------------------------------------------------X

CHRISTOPHER BREGMAN,

         Plaintiff,

- v -

ANDREW SIMON and NANCY MALAMED

         Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158713/2021 |
| MOTION DATE | 05/28/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 37, 38, 39, 40, 41, 42, 43, 44, 45, 51, 52, 53

were read on this motion to/for      JUDGMENT - SUMMARY      .

Upon the foregoing documents, and after oral argument, which took place on February 11, 2025, where Marvin O. Uwangue, Esq. appeared for Plaintiff Christopher Bregman ("Plaintiff"), and Christopher M. Yapchanyk, Esq. appeared for Defendants Andrew Simon ("Simon") and Nancy Malamed's ("Malamed") (collectively "Defendants"), Defendant's motion for summary judgment dismissing Plaintiff's Complaint is granted.

## I.    Background

On November 18, 2020, Plaintiff was walking on 90th Street between Central Park West and Columbus Avenue when he saw a choking and distressed Aussiedoodle named Sydney with her owner, Simon.[1] Simon testified Plaintiff came over abruptly and tried to take something out of Sydney's mouth without first asking Simon. Plaintiff testified he offered to help and asked if Sydney was friendly prior to putting his hand in her mouth (NYSCEF Doc. 42 at 60-61). Plaintiff was restraining the dog from moving and used his right hand to try to remove the object from the

---

[1] An Aussiedoodle is a Poodle mixed with an Australian Shepard. Plaintiff testified Sydney was a German Shepherd. According to Simon's testimony, Sydney was fifteen at the time of the incident and has since passed away.

**158713/2021 BREGMAN, CHRISTOPHER vs. SIMON, ANDREW ET AL**
**Motion No. 003**

Page 1 of 4

dog's mouth. According to Plaintiff, he then suggested to Simon that they move to the sidewalk to avoid traffic when Sydney bit his thumb. According to Simon, Sydney bit Plaintiff's thumb while his hand was in her mouth.

When asked if he had ever seen the dog act aggressively, Plaintiff testified he had seen the dog on five or six occasions prior to the incident bark at other dogs, and he had seen the dog jump on somebody once (*Id.* at 202-04). Simon testified Sydney was "incredibly friendly" and never had any prior incidents of aggression with dogs or humans (NYSCEF Doc. 41 at 23-24). Defendants move for summary judgment dismissing Plaintiff's Complaint and Plaintiff opposes.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Defendants' motion for summary judgment dismissing Plaintiff's Complaint is granted. For owners to be held liable for their dog's bite, it must be established that the dog's owner knew of the dog's vicious propensities (*DeCollibus v* Schimmel, 212 AD3d 555, 556 [1st Dept 2023]; *Scavetta v Wechsler*, 149 AD3d 202, 205 [1st Dept 2017]). The Court of Appeals has held that where the sole evidence set forth to establish vicious propensity is that a dog previously barked at people, this is insufficient to raise an issue a triable issue of fact (*Collier v Zambito*, 1 NY3d 444,

**158713/2021   BREGMAN, CHRISTOPHER vs. SIMON, ANDREW ET AL**                    **Page 2 of 4**
**Motion No.  003**

2 of 4

[* 2]

447 [2004]; *see also Vitrella v Rodrigues*, 11 AD3d 287, 287 [1st Dept 2004] ["while the dog was known to bark frequently, there was no evidence of any 'vicious propensity.'"]). Regardless of whether a jury might believe Simon's or Plaintiff's version of events, the record is devoid of evidence of Sydney's vicious propensity, which is required for the issue of Defendants' liability to reach the jury.

Before the Court is Simon's uncontroverted testimony that Sydney was friendly and was never aggressive towards others. When Plaintiff was asked at his deposition if he had ever seen Sydney acting aggressively, he could only recall Sydney barking on five or six occasions, and one occasion where Sydney jumped on someone. However, all dogs bark, and pursuant to binding precedent this is insufficient. Likewise, a dog jumping is insufficient to establish vicious propensity (*see Handel v Carey*, 217 AD3d 1222, 1224 [3d Dept 2023] [jumping is "that sort of typical 'rambunctious behavior' by a dog" that "would show awareness of a vicious propensity only if that were the very behavior that resulted in plaintiff's injury"]; *see also Vitrella, supra* at 287). There is zero evidence that Sydney had ever growled, lunged towards, bared her teeth at, or bitten anyone before (*see also Castillo v Berne*, 230 AD3d 557, 558 [2d Dept 2024] [evidence of vicious propensities "includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm."]).

While the Court sympathizes with Plaintiff for the injury he suffered, the bite he suffered was not random or unprovoked – by his own admission he grabbed Sydney's head while she was in distress, and put his hand in her mouth to try and remove an object that she was choking on. Plaintiff himself admitted he believed the Sydney bit him not out of viciousness, but because she was upset (NYSCEF Doc. 42 at 178). Given these facts, coupled with the lack of any evidence of

**158713/2021  BREGMAN, CHRISTOPHER vs. SIMON, ANDREW ET AL**
**Motion No. 003**

**Page 3 of 4**

[* 3]

3 of 4

vicious propensity, the record is insufficient to send the issue of Defendants' liability to a jury.

Therefore, Defendants' motion is granted, and Plaintiff's Complaint is dismissed.

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is granted, and Plaintiff's Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/14/2025 | *Mary V Rosado JSC* |
|---|---|
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | **[x]** CASE DISPOSED | | **[ ]** NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | **[x]** GRANTED | **[ ]** DENIED | **[ ]** GRANTED IN PART | **[ ]** OTHER |
| APPLICATION: | **[ ]** SETTLE ORDER | | **[ ]** SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | **[ ]** INCLUDES TRANSFER/REASSIGN | | **[ ]** FIDUCIARY APPOINTMENT | **[ ]** REFERENCE |

**158713/2021  BREGMAN, CHRISTOPHER vs. SIMON, ANDREW ET AL**
**Motion No.  003**

Page 4 of 4

4 of 4

[* 4]